MARK E. DAVIS – BAR NO. 79936
MATTHEW TAMEL – BAR NO. 229378
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, CA 95126
Phone: 408.244.2166
Fax:    408.244.7815

Attorneys for Defendant, SANTA CRUZ
COUNTY OFFICE OF EDUCATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERTA E. SIMMONS<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CRUZ COUNTY DEPT. OF EDUCATION, AND ALL 10 DISTRICTS<br><br>Defendants. | No. C07 04064 PVT<br><br>**DEFENDANT SANTA CRUZ COUNTY OFFICE OF EDUCATION'S 12(B)(6) MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE 12(E) MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISQUALIFY PLAINTIFF, A NON-ATTORNEY, FROM PROSECUTING THIS ACTION ON BEHALF OF "36 DISABLED CHILDREN"**<br><br>Date:<br>Time:<br>Courtroom: 8<br>Judge: Judge James Ware |
|---|---|

TO ALL PARTIES HEREIN:

PLEASE TAKE NOTICE THAT ON _____, 2008, at _____ a.m., or as soon thereafter as the matter may be heard before Judge James Ware in Courtroom 8, 4th Floor, 280 South First Street, San Jose, California, defendant SANTA CRUZ COUNTY OFFICE OF EDUCATION ("SCCOE"), a governmental entity, will and hereby does move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

-1-

Procedure on the grounds that plaintiff's complaint fails to state a claim against this moving party upon which relief can be granted. Specifically, the plaintiff does not have standing to pursue this action against SCCOE. Plaintiff, who is not an SCCOE student, has not been injured by SCCOE's alleged failure to provide bus transportation to students residing in Santa Cruz County. Plaintiff's complaint should therefore be dismissed without leave to amend.

SCCOE also moves for a more definite statement of the pleading under Rule 12(e). Plaintiff has not named the "36 disabled young students" who are allegedly being denied bus transportation. Moreover, plaintiff's claims against SCCOE are ambiguous. The complaint does not provide fair notice to SCCOE of the claims against it and the grounds for these claims. In the event the court does not dismiss the complaint pursuant to Rule 12(b)(6), plaintiff should be required to amend the complaint in such a way that SCCOE can respond to it.

Lastly, plaintiff *in pro per* is not an attorney. She may not therefore prosecute this action on behalf of "36 disabled young students." SCCOE moves to disqualify plaintiff from proceeding in federal court on behalf of others when she is not an attorney.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### PROCEDURAL HISTORY

Plaintiff *in pro per*'s ("Plaintiff") complaint was filed with the United States District Court, Northern District of California on August 8, 2007. Thereafter, plaintiff sent, via certified mail, a copy of the complaint to SCCOE. The complaint was received on August 20, 2007. There was no proof of service indicating that a person who was not party to the action had effectuated service. The complaint was apparently mailed by plaintiff directly. Plaintiff did not request a waiver of service, nor did she follow any of the procedural requirements for a waiver of service.

On September 14, 2007, plaintiff was advised by defense counsel that the

-2-

August 20, 2007, the complaint was not properly served. This office advised plaintiff of the procedures for securing waiver of service. Plaintiff was also informed that once the complaint had been properly served or the service had been properly waived, SCCOE would review the complaint and prepare a response.

On September 20, 2007, plaintiff inquired whether this office would accept service of the complaint. This office agreed to accept service of the complaint on September 24, 2007. Plaintiff was advised that a copy of the complaint had already been forwarded to this office and that a responsive pleading would be filed shortly.

## II
## STATEMENT OF THE PLEADING

Roberta E. Simmons ("plaintiff") has filed this action *in propria persona*. Plaintiff alleges that she has filed a "petition on behalf of 36 young disabled children." (Pg. 1.)[1] There is no allegation that plaintiff has been harmed in any way by SCCOE's actions.

Plaintiff alleges that 36 disabled children (who are unnamed in this complaint) have been diagnosed with dyslexia. These children are alleged to also have "related disabilities at various clinical levels." (Pg. 2.) According to the plaintiff, these students are attending Chartwell School in Seaside, California. (Pg. 3.) Chartwell is apparently a private school that provides special education for students who have dyslexia. (Pg. 3.)

On page 3, the complaint states:

> "This petition is about one very urgent need that all 36 students have in common. They are residents of Santa Cruz County. They are scattered over (9) zip codes of the County and they need school bus service to their full time special education school, which is [about] 40 miles from home in Seaside, Monterey County, California."

Plaintiff's complaint alleges that the SCCOE, ten unnamed school districts, and

---

[1] Plaintiff's "petition" does not contain page numbers or line numbers. For convenience, SCCOE has designated the page captioned "FW: Draft of Petition to the U.S. District Court, San Jose, CA" as page one.

-3-

unnamed special education directors have denied bus service to these students and that the students are being driven to Chartwell School in "ad hoc car pools" by the students' parents and grandparents. (Pgs. 3-4.)

Plaintiff's complaint requests that the defendants, including SCCOE, provide bus service to and from Chartwell School. (Pg. 4.) Plaintiff also wants federal funding be used to provide this bus service. (Pg. 5.)

### III
### LEGAL ARGUMENT

**A.   Plaintiff Is Not An Attorney and Therefore Cannot Represent "36 Young Disabled Children" In This Claim for Relief**

Plaintiff is proceeding *in propria persona*. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel. This provision therefore allows plaintiff to prosecute **her own actions** *in propria persona*. However, in this case, plaintiff has filed this petition "on behalf of 36 young disabled persons." (Pg. 1.) "While [section 1654] allows [plaintiff] to prosecute [her] own actions in propria persona, that right is personal to [her], and absent some other statutory authorization, [plaintiff] has no authority to prosecute an action in federal court on behalf of others than [her]self." (Stoner v. Santa Clara County Office of Education (2007) U.S. App. LEXIS 21470, p. 21.)

SCCOE hereby moves to disqualify plaintiff from representing "36 young disabled children" in this action. It is respectfully requested that in the event the complaint is not dismissed on other grounds, this action be dismissed if plaintiff does not find an attorney to represent the "36 disabled children" within the time afforded her by the court.

**B.   Plaintiff Who Is Not an Injured Party Does Not Have Standing to Pursue This Action in Federal Court**

Whether a litigant has standing to sue in federal court is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the constitution]." (Lujan v. Defenders of Wildlife (1992) 504 US 555, 560.) A litigant's standing is gauged by

-4-

whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. (Allen v. Wright (1984) 468 US 737, 752.) In this case, plaintiff's claim is not for an injury to her legal rights and interests, but rather for the alleged legal rights and interests of 36 unnamed students of Chartwell School. Specifically, plaintiff alleges certain unnamed private school students have been denied transportation from their respective homes to school. If there has been an injury, it is to the students who plaintiff alleges have been denied bus transportation and not the plaintiff.[2] Plaintiff is not allowed to maintain a federal civil action to redress injuries to others or to assert the rights of third persons. (Tileston v. Ullman (1943) 318 US 44, 46.) For this reason, SCCOE's motion to dismiss should be granted without leave to amend.

### C. Plaintiff's Complaint Is So Indefinite that the Nature of the Claims Against SCCOE Cannot Be Ascertained

Under Federal Rules of Civil Procedure ("FRCP") 12(e):

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A motion under Rule 12(e) is proper where a complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Under such circumstances, a defendant cannot reasonably be expected to frame a proper response to the complaint. (Famolare, Inc. v. Edison Brothers Stores, Inc. (ED CA 1981) 525 F.Supp. 940, 949.) In this particular case, plaintiff's complaint does not apprise SCCOE of (1) who is making the claim; (2) the substance of the claim being asserted; and (3) the extent, if any, of SCCOE's alleged culpability in this claim. It is axiomatic that a complaint "without simplicity, conciseness and clarity as to whom plaintiff [is] suing for what wrongs, fails to

---

[2] It is believed that no Chartwell School student has been harmed by SCCOE's conduct since SCCOE does not provide transportation services and is unaware of having any students enrolled in Chartwell School.

-5-

perform the essential functions of a complaint." (McHenry v. Renne (9th Cir. 1996) 84 F.3d 1172, 1179-1180.) Plaintiff's complaint fails in this requirement and as a consequence, SCCOE's 12(e) motion should be granted.

As discussed above, plaintiff, a grandmother, does not have standing to pursue an action against SCCOE (or any educational entity) for allegedly failing to provide bus service to students living within Santa Cruz County. The 36 Chartwell School students who are presumably the proper plaintiffs are unnamed. It is therefore impossible for SCCOE to ascertain the information necessary to respond to the complaint. Without the names of the parties, SCCOE cannot know whether these students are enrolled in Chartwell School as part of their free appropriate public education ("FAPE") or as the result of the parents' choice. SCCOE (or any public education entity) is not required to contribute to a disabled child's private school education if the parents have elected to send a child to the private school in lieu of an available FAPE. (Cal. Ed. Code § 56174.) Moreover, it is impossible to tell whether these students were entitled to or receiving special education services from SCCOE rather than their home district. Accordingly, it is impossible to tell whether it is SCCOE that allegedly failed to meet the requirements of the No Child Left Behind Act ("NCLB"). (Pg. 2.) There are other concerns, too numerous to detail here, which require plaintiff to name the special education students she claims were harmed by SCCOE's conduct. (See, Van Dyke Ford, Inc. v. Ford Motor Co. (ED WI 1975) 399 F.Supp. 277, 284.) If the complaint is not dismissed because plaintiff lacks standing or because plaintiff has been disqualified as a result of representing others even though she is not a lawyer, plaintiff should be ordered to amend the complaint to provide the names of the actual plaintiffs involved.

Furthermore, the nature of the claim as it pertains to SCCOE is ambiguous. Plaintiff indicates that the petition is about providing bus service for 36 unnamed students at Chartwell School. Plaintiff's complaint also references the NCLB and includes language that conceivably could be construed as a claim for discrimination. It is unclear whether

-6-

plaintiff is pursuing additional claims under these theories or if plaintiff claims that the NCLB requires SCCOE to transport students who do not attend a public school and who may not even be SCCOE students.

The pleader is required to provide fair notice of the claim being asserted and the grounds upon which the claim rests. (Conley v. Gibson (1957) 355 U.S. 41, 47-48.) Thus, the ambiguity of plaintiff's claims against SCCOE, her failure to allege the grounds upon which her claims rest, and plaintiff's failure to name the actual plaintiffs provides no notice that the pleader (or the 36 students) is entitled to relief from SCCOE. (FRCP 8(a).) Even a complaint prepared by a *pro se* "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." (Brazil v. United States Dept. of Navy (9th Cir. 1995) 66 F.3d 193, 199.) This complaint as drafted does not provide fair notice of plaintiff's claims against SCCOE. If for some reason the complaint is not dismissed on other grounds, plaintiff should be required to amend the complaint to provide fair notice to the SCCOE of the nature of the claims being brought by plaintiff.

## IV
## CONCLUSION

For these and the foregoing reasons, defendant Santa Cruz County Office of Education respectfully requests that plaintiff be disqualified from prosecuting this action on behalf of others because she is not an attorney. Defendant further requests that its Rule 12(b)(6) motion be granted with prejudice or in the alternative, plaintiff be required to make a more definite statement of the pleading pursuant to Rule 12(e).

DATED: 10/25/07

NEEDHAM, DAVIS, KEPNER & YOUNG, LLP

By _____
Matt Tamel, Attorneys for Defendant
Santa Cruz County Office Of Education

-7-

1 **PROOF OF SERVICE BY MAIL**

2 I, the undersigned, say:

3 I am now and at all times herein mentioned have been over the age of 18 years,
4 employed in Santa Clara County, California, and not a party to the within action or
5 cause; that my business address is 1960 The Alameda, Suite 210 San Jose, California,
6 95126-1493. I am readily familiar with the firm's business practice for collection and
7 processing of correspondence for mailing with the United States Postal Service. I
8 served copies of the attached **DEFENDANT SANTA CRUZ COUNTY OFFICE OF**
9 **EDUCATION'S 12(B)(6) MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE**
10 **12(E) MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISQUALIFY**
11 **PLAINTIFF, A NON-ATTORNEY, FROM PROSECUTING THIS ACTION ON BEHALF OF "36**
12 **DISABLED CHILDREN"** by placing said copies in envelopes addressed to:

Roberta Simmons                                   Pro Se Plaintiff
900 Capitola Avenue, Apt. #4
Capitola, CA  95010

15 which envelopes were then sealed and, with postage fully prepaid thereon, were on
16 October 25, 2007 placed for collection and mailing at my place of business following
17 ordinary business practices. Said correspondence will be deposited with the United
18 States Postal Service at San Jose, California on the above-referenced date in the
19 ordinary course of business; and there is delivery service by United States mail at the
20 place so addressed.

21 I declare under penalty of perjury under the laws of the State of California that
22 the foregoing is true and correct and that this Declaration was executed on October 25,
23 2007.

Case Number:  C07-04064-PVT
Case Name:  Simmons v. Santa Cruz County Dept. of Education, et al.

_____
Patricia Rahn