MARK E. DAVIS – BAR NO. 79936
MATTHEW TAMEL – BAR NO. 229378
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, CA  95126
Phone:  408.244.2166
Fax:      408.244.7815

Attorneys for Defendant, SANTA CRUZ
COUNTY OFFICE OF EDUCATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERTA E. SIMMONS | No.  C07 04064 PVT |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| vs. | |
| SANTA CRUZ COUNTY DEPT. OF EDUCATION, AND ALL 10 DISTRICTS | |
| Defendants. | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

    A. *Subject Matter Jurisdiction*.

    Plaintiff contends that defendants have violated the federal No Child Left Behind Act and the 2004 federal Individuals with Disabilities Education Act giving this court subject matter jurisdiction over this claim.

    Defendants contend that it is unclear from the petition whether this

-1-

court has subject matter jurisdiction over plaintiff's claim. The petition alleges that federal funding designated under the federal No Child Left Behind Act have been manipulated by the public schools in the Santa Cruz area to deny certain special education students of busing to a private school in Monterey County. However, it is unclear from the pleading whether plaintiff's claims here actually arise under the federal statute.

    B. <u>Service</u>

    It is believed at this time that all the defendants have been served.

### 2. Facts

According to the plaintiff, 36 special education students in the Santa Cruz area are receiving education services from a private school in Seaside, Monterey County, California. Chartwell School specializes in teaching students with dyslexia, which plaintiff alleges afflicts the 36 special education students referenced in the complaint. Plaintiff alleges that these students, who live in various places in Santa Cruz County, are being transported to Chartwell School by their parents or grandparents. Plaintiff alleges numerous requests have been made to the defendants to provide busing for these students to Chartwell School, all of which have been denied. Plaintiff contends that the districts should provide bus service for these students to Chartwell School.

Defendant contends that the identities of the 36 special education students mentioned in the complaint are unknown at this time. However, taking the allegations in plaintiff's complaint as true, i.e., that the subject students live within the defendants' districts, it is believed that the students' parents have chosen to enroll their students in a private school rather than receive similar education services from the districts. The only exception to this would be if a special education student's individualized education plan ("IEP") included bus services as part of that student's plan. It is believed at this time that no student in any of the defendant districts has an IEP that includes providing busing to Chartwell School. Accordingly, the students in plaintiff's petition are not entitled to district bus service to Chartwell School.

Some of the defendants, particularly Santa Cruz County Office of Education and the SELPA do not provide bus services.

### 3. Legal Issues

Plaintiff contends the defendant educators are not following the federal guidelines in the instance of these 36 students, who do not receive bus service that other private school students receive.

Defendants contend that (1) plaintiff does not have standing to pursue this claim; (2) plaintiff is not an attorney, and cannot therefore represent 36 special education students; and (3) the defendants are not required to contribute to a disabled child's private school education (by providing busing) if the parents have elected to send a child to the private school in lieu of the same available services within that district. (Cal. Ed. Code § 56174.)

### 4. Motions

Defendant Santa Cruz County Office of Education (hereinafter "SCCOE") has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on the legal issues discussed above. That motion is scheduled to be heard on January 14, 2008. In the interim, plaintiff has agreed to dismiss SCCOE. After SCCOE filed its motion to dismiss, plaintiff served essentially the same petition on ten school districts in Santa Cruz County as well as the North Santa Cruz SELPA.

The recently served defendants will be filing essentially the same 12(b)(6) motion to dismiss that was filed by SCCOE. It is believed the motion will be filed shortly after the case management conference. For the sake of expediency, the recently served defendants respectfully request that the court allow the motion that is already scheduled to be heard on January 14, 2008, to be amended to include these defendants as moving parties.

Plaintiff plans to oppose defendants' motion to dismiss.

///

### 5. Amendment of Pleadings

Plaintiff intends to amend the petition to include the specific statutes she believes are at issue in this case.

In addition to a request for dismissal, defendants' January 14, 2008, motion seeks a more definite statement of the pleading pursuant to Rule 12(e). Specifically, plaintiff should be required to name the 36 students whom she alleges are entitled to bus services. As mentioned above, it is also unclear upon which basis plaintiff believes the defendants should provide bus service for students who are not attending their schools. If the petition is not dismissed under Rule 12(b)(6), it is anticipated that the court will order plaintiff to amend the pleading pursuant to Rule 12(e).

Further, as mentioned above, plaintiff does not have standing to pursue this claim. The petition would need to be amended to name the proper plaintiff(s).

### 6. Evidence Preservation

None.

### 7. Disclosures

None. Defendants intend to move the court for an extension of the mandatory disclosure deadline until after the January 14, 2008, hearing on their motion to dismiss the petition.

### 8. Discovery

No discovery has been taken to date by either party. Defendants would request a continuation on discovery until the dispute regarding the pleadings is resolved. Plaintiff at this time does not intend to conduct discovery in this case.

### 9. Class Actions

Plaintiff contends this is a class action. Defendants do not believe this is a class action.

///

///

Joint Case Management Statement
{NDKY Main\2543\71588\PLEADING\00104085.DOC}

10. **Related Cases**

None.

11. **Relief**

Plaintiff seeks an injunction that the defendants should provide bus service for the students attending Chartwell School in Seaside, California.

12. **Settlement and ADR**

Plaintiff has agreed to dismiss SCCOE.

The defendant districts and the SELPA intend to file a motion to dismiss plaintiff's petition. Until recently, defendants did not have plaintiff's telephone number. Early on in the case, plaintiff requested that defendants' attorney not communicate with her via email. Defendant's attorney attempted to 'meet and confer' regarding potential alternative dispute resolution procedures by U.S. mail. On approximately November 16, 2007, all correspondence to plaintiff was returned to defendants' attorney's office unopened. It is believed plaintiff returned these letters due to a misunderstanding about the defendants' attorney's role in the case. Defendants' attorney was first able to contact plaintiff in pro per by telephone on December 6, 2007. The parties met and conferred the next day, the same day this joint case management statement was required to be filed. The joint case management statement was mailed to plaintiff in pro per for her signature on December 7, 2007.

The defendants filed a Notice of Need for ADR Phone Conference. At the present time, the court has not scheduled the phone conference.

Nevertheless, defendants have already represented to the court that they would be amenable to non-binding judicial arbitration or early neutral evaluation. Plaintiff would agree to early neutral evaluation.

13. **Consent to Magistrate Judge For All Purposes**

Defendants consent to assignment to a U.S. Magistrate Judge.

Plaintiff has already filed a "Declination to Proceed Before a Magistrate

-5-

1 | Judge and Request for Reassignment to a United States District Judge".

**14. Other References**

Parties contend this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

As indicated above, plaintiff has agreed to dismiss the SCCOE. It is believed that the SELPA could be dismissed at this time because the SELPA does not provide busing services. Finally, it is believed that the defendants' motion to dismiss is likely dispositive of this case. Defendants are hopeful plaintiff can be convinced to dismiss the defendants without the necessity of a motion.

Plaintiff has indicated she is attempting to find an attorney to handle this matter.

**16. Expedited Schedule**

Defendant contends that this is an issue that could be resolved at the pleading stage. In the event it is not resolved at the pleading stage, defendant would consider putting this matter on an expedited schedule. Plaintiff would agree to this if she can retain an attorney.

**17. Scheduling**

As stated above, SCCOE's motion to dismiss is scheduled to be heard on January 14, 2008. If the court does not allow the recently served defendants to amend the current motion to include them, they will be filing a motion to dismiss shortly after the case management conference. The parties respectfully believe it would be premature to set discovery cut off, pre-trial conference, and trial dates.

**18. Trial**

At this time, the parties would suggest a court trial. Defendants seek leave to reconsider this issue. It is unknown at this time how long a proposed trial would take.

///

-6-

### 19. Disclosure of Non-party Interested Entities or Persons

Neither party has filed the certification. No interest other than that of the name parties is known by the defendants.

### 20. Other

Plaintiff has indicated that she is attempting to find an attorney to represent her in this action.

DATED: December 7, 2007         NEEDHAM, DAVIS, KEPNER & YOUNG, LLP

BY: _____
Matt Tamel, Attorney for Defendants

DATED: _____         BY: _____
Roberta E. Simmons, pro se

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

**PROOF OF SERVICE BY MAIL**

1. I, the undersigned, say:

2. I am now and at all times herein mentioned have been over the age of 18 years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 1960 The Alameda, Suite 210 San Jose, California, 95126-1493. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served copies of the attached **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** by placing said copies in envelopes addressed to:

Roberta Simmons                                            Pro Se Plaintiff
900 Capitola Avenue, Apt. #4
Capitola, CA  95010

which envelopes were then sealed and, with postage fully prepaid thereon, were on December 7, 2007 placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California on the above-referenced date in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on December 7, 2007.

_____
Patricia Rahn

Case Number:  C07-04064-PVT
Case Name:  Simmons v. Santa Cruz County Dept. of Education, et al.

{NDKY Main\2543\71588\POS\00100786.DOC}