MARK E. DAVIS – BAR NO. 79936
MATTHEW TAMEL – BAR NO. 229378
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, CA 95126
Phone: 408.244.2166
Fax:    408.244.7815

Attorneys for Defendant, SANTA CRUZ
COUNTY OFFICE OF EDUCATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERTA E. SIMMONS<br><br>    Plaintiff,<br><br>vs.<br><br>SANTA CRUZ COUNTY DEPT. OF EDUCATION, AND ALL 10 DISTRICTS<br><br>    Defendants. | No. C07 04064 PVT<br><br>**DEFENDANT SANTA CRUZ COUNTY OFFICE OF EDUCATION'S *REPLY* REGARDING 12(B)(6) MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE 12(E) MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISQUALIFY PLAINTIFF, A NON-ATTORNEY, FROM PROSECUTING THIS ACTION ON BEHALF OF "36 DISABLED CHILDREN"**<br><br>Date: January 14, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8<br>Judge: Judge James Ware |
|---|---|

**DEFENDANTS' *REPLY* REGARDING MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DISQUALIFY PLAINTIFF, A NON ATTORNEY, FROM BRINGING THIS ACTION ON BEHALF OF OTHERS**

**I
PROCEDURAL UPDATE**

On December 18, 2007, the ten District Defendants (Collectively, "District Defendants") recently served by plaintiff *in pro per* Roberta Simmons ("Plaintiff") prepared

-1-

an Administrative Motion for an Order to Join which would allow the District Defendants to join defendant Santa Cruz County Office of Education's ("SCCOE") 12(b)(6) Motion to Dismiss, which had been filed prior to the initiation of the same lawsuit against the District Defendants. To date, the District Defendants have not received word whether they will be allowed to join SCCOE's motion to dismiss. While plaintiff had refused to stipulate to the joinder, the District Defendants are unaware of plaintiff having filed a written objection to the motion to join. Without knowing whether the court has granted the District Defendants' motion to join, the District Defendants nevertheless join SCCOE in this reply.

Plaintiff's opposition to SCCOE's 12(b)(6) motion was due on December 24, 2007. To date, defendants have not received any opposition papers from plaintiff.

On December 26, 2007, defendants' attorney received an electronic notice from the court indicating that plaintiff had recently sent a letter to Judge Ware. No document was attached to the electronic notice. Moreover, defendants' attorney did not (and has not) received a copy of plaintiff's letter to Judge Ware. It is not known, therefore, whether this letter was intended to serve as plaintiff's opposition to the defendants' 12(b)(6) motion.

On December 27, 2007, defendants' attorney wrote a letter to the plaintiff explaining that ex parte communications with the court were improper. Defendants' attorney also requested that plaintiff send a copy of the letter that was sent to Judge Ware to this office. To date, defendants' attorney has not received a response to this correspondence.

Defendants' reply brief was due on December 31, 2007. However, the reply brief was not filed on this date because (1) defendants' attorney was waiting for a response from plaintiff to his December 27, 2007, correspondence; and (2) the defendants' attorney's office was closed on this date for the holidays.

## II
## REPLY REGARDING DEFENDANTS' 12(B)(6) MOTION

To date, defendants have not received any opposition papers from plaintiff. It is believed that the correspondence from plaintiff to Judge Ware may in fact contain plaintiff's

opposition to defendants' motion to dismiss. Defendants' attorney has not received a copy of plaintiff's letter.

In that defendants have not received any opposition from plaintiff, defendants maintain that the complaint should be dismissed on the grounds that (1) plaintiff does not have standing to pursue this claim for bus services; and (2) plaintiff is not an attorney who can represent others, in this case 36 disabled students, in a court of law. In any event, plaintiff's complaint is uncertain in that it does not identify the special education students who are claiming damages in this case. In as much as defendants do not know what services these unidentified students require, or even which of these students (if any) live within each individual district's boundaries entitling them to special education services, defendants require a more definite statement of the pleading.

### III
### CONCLUSION

For these and the foregoing reasons, defendants respectfully request that plaintiff be disqualified from prosecuting this action on behalf of others because she is not an attorney. Defendants further request that its Rule 12(b)(6) motion be granted with prejudice or in the alternative, plaintiff be required to make a more definite statement of the pleading pursuant to Rule 12(e).

DATED: 1/3/08

NEEDHAM, DAVIS, KEPNER & YOUNG, LLP

By _____
Matt Tamel, Attorneys for Defendants

-3-

Defendant Santa Cruz County Office of Education's Rule 12(b)(6) and Rule 12(e) Motion and Motion to Disqualify Plaintiff
{NDKY Main\2543\71588\PLEADING\00105252.DOC}

## PROOF OF SERVICE BY MAIL

I, the undersigned, say:

I am now and at all times herein mentioned have been over the age of 18 years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 1960 The Alameda, Suite 210 San Jose, California, 95126-1493. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served copies of the attached **DEFENDANT SANTA CRUZ COUNTY OFFICE OF EDUCATION'S *REPLY* REGARDING 12(B)(6) MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE 12(E) MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISQUALIFY PLAINTIFF, A NON-ATTORNEY, FROM PROSECUTING THIS ACTION ON BEHALF OF "36 DISABLED CHILDREN"** by placing said copies in envelopes addressed to:

Roberta Simmons                                              Pro Se Plaintiff
900 Capitola Avenue, Apt. #4
Capitola, CA  95010

which envelopes were then sealed and, with postage fully prepaid thereon, were on January 3, 2008 placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California on the above-referenced date in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on January 3, 2008.

*Patricia Rahn*

Case Number:  C07-04064-PVT
Case Name:  Simmons v. Santa Cruz County Dept. of Education, et al.