**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Roberta Simmons, | NO. C 07-04064 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| Santa Cruz County Dep't of Education, et al., | |
| Defendants. | |

## I. INTRODUCTION

Roberta Simmons ("Plaintiff"), in *pro per*, brings this putative class action against the Santa Cruz County Department of Education[1] and the Santa Cruz County Office of Education ("SCCOE") (collectively, "Defendants"). Plaintiff invokes the No Child Left Behind Act ("NCLBA"), 20 U.S.C. 6301 *et seq*. as a basis for the Court's jurisdiction. Presently before the Court is Defendant Santa Cruz County Office of Education's Motion to Dismiss or in the alternative, Motion for a More Definite Statement and Motion to Disqualify Plaintiff, a Non-Attorney from Prosecuting this Putative Class Action. (hereafter, "Motion," Docket Item No. 4.)[2]

---

[1] Plaintiff names "All 10 Districts" and their "Special Education Program Directors."

[2] Defendants Santa Cruz County Department of Education and "All 10 Districts" moved to join in Defendant SCCOE's motion to dismiss pursuant to Civ. L. R. 7-11. (See Docket Item No. 12.) The Court GRANTS the districts and the directors' motion for joinder.

The Court conducted a hearing on January 14, 2008. Plaintiff did not appear. Counsel for Defendants was present. Based on the papers submitted to date and oral argument at the hearing, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Complaint filed on August 8, 2007, Plaintiff alleges as follows:

> This is a Petition on behalf of 36 young disabled children against All Ten School Districts and their Special Education Program Directors. The children are legally disabled persons and their civil rights are being denied by the Santa Cruz County Department of Education. (Petition at 1, Docket Item No. 1.)
>
> Federal funds designated for special education and the related services to support the special education, under the federal "No Child Left Behind Act" have been manipulated by the public school system in Santa Cruz County. The 36 children have been "left behind" in two ways: (1) the public and private schools have failed to teach them to read by the third grade; (2) the school districts have failed to provide bus service for the students to a special private school in Seaside, California. (Petition at 2-4.)

On the basis of the allegations outlined above, Plaintiff seeks to have the Court order the Santa Cruz Office of Education to provide school bus service for the 36 disabled students. (Petition at 6.)

Presently before the is Defendants' motions (1) to dismiss pursuant to 12(b)(6), or in the alternative, (2) for a more definite statement pursuant to 12(E), and (3) to disqualify Plaintiff, a non-attorney from prosecuting this action on behalf of the "36 disabled children."

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

2

1  (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

2  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

3  complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v.

4  City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

5  in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

6  However, mere conclusions couched in factual allegations are not sufficient to state a cause

7  of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

8  F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

9  that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974

10 (2007).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect

11 by amendment.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

13 Defendants move to dismiss on the grounds that:  (1) Plaintiff is not an attorney and

14 therefore, cannot represent the 36 disabled children; and (2) Plaintiff lacks standing to bring this

15 action. (Motion at 4.)  Plaintiff has failed to file a timely opposition.  However, Plaintiff has written

16 a letter to the Court. (See Docket Item No. 25.)  Although the letter does not address Defendants'

17 motions, in light of Plaintiff's *pro se* status, the Court construes Plaintiff's letter as her attempt to

18 oppose Defendants' motions.

19 The NCLBA is a comprehensive educational-reform statute enacted "to ensure that all

20 children have a fair, equal, and significant opportunity to obtain a high-quality education and reach,

21 at a minimum, proficiency on challenging state academic achievement standards and state academic

22 assessments." 20 U.S.C. § 6301.

23 The Ninth Circuit has not yet addressed the issue of whether the NCLBA confers a private

24 right of action. However, district courts in this circuit and others have held that there is no private

25 right of action under the NCLBA. See Coachella Vally Unified School Dist. v. State of California,

26 2005 WL 1869499 at *2 (N.D. Cal. Aug 05, 2005); Blanchard ex rel. Blanchard v. Morton School

3

Dist., 2006 WL 2459167 at *4 (W.D. Wash. Aug 25, 2006); Alliance For Children, Inc. v. City of Detroit Public Schools, 475 F. Supp. 2d 655, 658 (E.D. Mich. Feb 15, 2007); Catapult Learning, Inc. v. Board of Educ. of City of St. Louis, 2007 WL 2736271, *4 (E.D. Mo. Sept 17, 2007); ); Holder v. Gienapp, 2007 WL 952039 (D. N.H. 2007) ; Marinnie v. Palmyra Board of Education, 2007 WL 894211 (D. N.J. 2007); Dunleavy v. The State of New Jersey, 2006 WL 3780673 (D. N.J. 2006); Ass'n of Community Orgs.for Reform Now v. New York City Dep't of Educ., 269 F. Supp. 2d 338 (S.D. N.Y. 2003); Fresh Start Academy v. Toledo Bd. of Educ., 363 F. Supp. 2d 910 (N.D. Ohio 2005). In this case, it is undisputed that Plaintiff's sole basis for jurisdiction is the NCLBA. Accordingly, the Court finds Plaintiff does not have standing to bring suit under the NCLBA.

In addition, Plaintiff is not an attorney. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Thus, the right to prosecute one's own cases does not extend to prosecuting cases on behalf of others. Stoner v. Santa Clara County Office of Educ., --- F.3d ----, 2007 WL 2556936 at * 6 (9th Cir. 2007). Accordingly, Plaintiff may not prosecute this lawsuit on behalf of others.

With respect to Defendants' request to dismiss the Complaint with prejudice, a court should only dismiss a complaint without leave to amend when "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000). In this case, the allegations of the Complaint are too unclear for the Court to say with certainty that a successful claim could possibly be stated. For example, in her letter to the Court, Plaintiff represents that one of the 36 disabled children is her grandson who is African-American. (Letter at 3.) Thus, it appears that Plaintiff may have standing to bring suit for certain alleged constitutional violations on behalf of her grandson if she is his legal guardian. Accordingly, the Court GRANTS Plaintiff leave to amend.

4

## V. CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss with leave to amend. Plaintiff shall file and serve an Amended Complaint by **February 15, 2008.** In the Amended Complaint, Plaintiff shall not plead claims on behalf of the "36 disabled children" as she is not an attorney and cannot represent the children. In addition, Plaintiff must adequately plead the basis of the Court's jurisdiction. Plaintiff is hereby notified that failure to comply with this Order will result in a dismissal of the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: January 25, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew Joseph Tamel mtamel@ndkylaw.com
Mark E. Davis mdavis@ndkylaw.com

Roberta E. Simmons
900 Capitola Avenue #4
Capitola, Ca 95010

**Dated: January 25, 2008**               **Richard W. Wieking, Clerk**

                                          **By:   /s/ JW Chambers              **
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**