United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Roberta Simmons, | NO. C 07-04064 JW |
| Plaintiff, v. | **ORDER DISMISSING ACTION WITH PREJUDICE** |
| Santa Cruz County Dep't of Education, et al., | |
| Defendants. | |

Roberta Simmons ("Plaintiff"), in *pro per*, brings this putative class action against the Santa Cruz County Department of Education[1] and the Santa Cruz County Office of Education ("SCCOE") (collectively, "Defendants"). Plaintiff invokes the No Child Left Behind Act ("NCLBA"), 20 U.S.C. 6301 *et seq*. as a basis for the Court's jurisdiction. On January 14, 2008, the Court conducted a hearing Defendants' motion to dismiss. Plaintiff did not appear. Counsel for Defendants was present. In light of the Plaintiff's *pro se* status, the Court granted Defendants' motion to dismiss but granted Plaintiff leave to amend. (hereafter, "January 25 Order," Docket Item No. 31.)

In its January 25 Order, the Court explicitly ordered Plaintiff to file and serve her Amended Complaint by February 15, 2008. The Court warned that failure to comply with its Order would result in a dismissal of the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

---

[1] Plaintiff names "All 10 Districts" and their "Special Education Program Directors."

Procedure. To date, Plaintiff has failed to file the required Amended Complaint to inform Defendants and the Court of its subject matter jurisdiction.

A district court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R. Co., 370 U.S. 626 ( 1962). Rule 41(b) states in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). "This power is necessary to prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant." Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

In determining whether to dismiss for lack of prosecution, generally the court considers: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.2d 393, 399 (9th Cir. 1998) (internal quotations omitted); See also Al- Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The Ninth Circuit will affirm dismissal where at least four factors support dismissal, or where at least three factors "strongly" support dismissal. Yourish v. Cal. Amplifier, 191 F.2d 983, 990 (9th Cir. 1999).

The court may dismiss a case *sua sponte* for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

Under the Al-Torki factors, the Court finds good cause to dismiss this action with prejudice. In addition to Plaintiff's failure to prosecute, the Court had previously expressed its concern regarding its subject matter jurisdiction. Plaintiff's sole basis for jurisdiction is the NCLBA.

2

Although the Ninth Circuit has not yet addressed the issue of whether the NCLBA confers a private right of action, district courts in this circuit and others have held that there is no private right of action under the NCLBA.[2] Since Plaintiff's sole basis for jurisdiction is the NCLBA, the Court found that Plaintiff does not have standing to bring suit under the NCLBA.

Accordingly, the Court ORDERS this case dismissed with prejudice.

Dated: April 18, 2008

*James Ware*
JAMES WARE
United States District Judge

---

[2] See Coachella Valley Unified School Dist. v. State of California, 2005 WL 1869499 at *2 (N.D. Cal. Aug 05, 2005); Blanchard ex rel. Blanchard v. Morton School Dist., 2006 WL 2459167 at *4 (W.D. Wash. Aug 25, 2006); Alliance For Children, Inc. v. City of Detroit Public Schools, 475 F. Supp. 2d 655, 658 (E.D. Mich. Feb 15, 2007); Catapult Learning, Inc. v. Board of Educ. of City of St. Louis, 2007 WL 2736271, *4 (E.D. Mo. Sept 17, 2007); ); Holder v. Gienapp, 2007 WL 952039 (D. N.H. 2007) ; Marinnie v. Palmyra Board of Education, 2007 WL 894211 (D. N.J. 2007); Dunleavy v. The State of New Jersey, 2006 WL 3780673 (D. N.J. 2006); Ass'n of Community Orgs.for Reform Now v. New York City Dep't of Educ., 269 F. Supp. 2d 338 (S.D. N.Y. 2003); Fresh Start Academy v. Toledo Bd. of Educ., 363 F. Supp. 2d 910 (N.D. Ohio 2005).

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew Joseph Tamel mtamel@ndkylaw.com
Mark E. Davis mdavis@ndkylaw.com

Roberta E. Simmons
900 Capitola Avenue #4
Capitola, Ca 95010

**Dated: April 18, 2008**                                 **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**